IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARIO FRANKLIN**                                                                                          **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 3:22-cv-599-CWR-MTP**

**MARC MCCLURE**                                                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss [8] a pending Petition for a Writ of Habeas Corpus. In his Motion [11], Respondent argues that the Petition [1] should be dismissed because it is a "mixed" petition, presenting both exhausted and unexhausted claims. Alternatively, Respondent asserts that Petitioner can avoid dismissal of the Petition in its entirety if the Court permits him to dismiss his unexhausted claims and proceed with his exhausted claims. For the reasons explained below, the undersigned recommends that the Motion to Dismiss [11] be granted, that Petitioner be afforded an opportunity to amend his Petition, and that the Petition be dismissed without prejudice if Petitioner fails to amend his Petition and voluntarily dismiss his unexhausted claims within the deadline set by the Court.

## PROCEDURAL HISTORY

On June 19, 2019, Petitioner was convicted of possession of more than one kilogram of marijuana with intent to distribute in the Circuit Court of Madison County, Mississippi, and sentenced to serve a forty-year term of imprisonment, with twenty years to serve in prison followed by twenty years of post-release supervision. *See* [8-1]. Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, raising the following three issues for review:

1

1. The trial court erred in overruling Mario Franklin's motion for directed verdict and for JNOV, due to the State not proving the elements of constructive possession of the delivered package.

2. The trial court erred in denial of the Appellant's jury instructions on constructive possession's element of dominion and control.

3. The trial court erred in not suppressing the photos from Mario Franklin's phone due to the fact they were more prejudicial than probative.

*See* [9-5] at 3. Petitioner's appeal was assigned to the Mississippi Court of Appeals, and on January 5, 2021, the court of appeals affirmed the trial court's judgment. *See Franklin v. State*, 320 So. 3d 537 (Miss. App. 2021). On June 23, 2021, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. *See* [9-7] at 4.

On October 12, 2022, Petitioner filed a motion for post-conviction relief in the trial court. *See* [8-7]. Petitioner sought review on the following issues (as stated by the *pro se* Petitioner):

1. Insufficiency of the evidence/actual innocence.

2. Ineffective assistance of trial counsel: failure to fully explain plea offer and advising him to refuse the plea offer.

3. Ineffective assistance of appellate counsel: failure to present potentially meritorious claims on the appeal.

4. Cumulative prejudice.

*Id*.

On October 12, 2022—the same day he filed his PCR motion in the trial court— Petitioner filed his federal habeas Petition [1], raising the following issues:

1. Insufficiency of the evidence/actual innocence.

2. The trial court erred in denying Petitioner's motion to suppress photos taken from his cell phones.[1]

---

[1] Although Petitioner does not include this issue among his list of claims for relief, he does argue that the trial court erred by failing to suppress the photographs, and Respondent considers it as one of Petitioner's claims. *See* [2] at 27.

2

3. The trial court committed constitutional error by failing to grant Petitioner's motion for JNOV, or alternatively, his new trial motion.

4. Ineffective assistance of trial counsel: failure to fully explain plea offer to his client and advising him to refuse the plea offered.

5. Instructional error/abuse of discretion: failure to allow instructions on constructive possession prejudiced Petitioner's entire case.

6. Ineffective assistance of appellate counsel: failure to present potentially meritorious claims.

7. Cumulative prejudice.

*See* [1]; [2].[2]

On November 9, 2022, the trial court dismissed Petitioner's PCR motion, holding:

The Court finds that it has no jurisdiction to consider this motion because Petitioner's conviction and sentence was affirmed on appeal and Petitioner has not obtained leave from the appellate court to proceed with a motion for post-conviction relief in this Court. When a movant's direct appeal has been affirmed by the Court of Appeals or the Mississippi Supreme Court, he must be granted leave from the supreme court before filing a motion for post-conviction collateral relief in the trial court. Miss. Code Ann. § 99-39-7. The "[f]ailure to obtain permission from the supreme court deprives the trial court and this Court of jurisdiction." *Rice v. State*, 189 So. 3d 722, 725 (Miss. Ct. App. 2016) (citing *Lacey v. State*, 29 So. 3d 786, 788 (Miss. Ct. App. 2009)). Because the Court lacks jurisdiction to hear this matter, the Court finds that Petitioner's Motion should be dismissed.

*See* [8-9]. Petitioner has not filed a PCR motion in the Mississippi Supreme Court.

On November 15, 2022, Respondent filed his Motion to Dismiss [8], asserting that Petitioner failed to exhaust all the issues presented in his Petition [1]. Respondent argues that the Petition [1] should be dismissed or, in the alternative, Petitioner should amend his Petition [1] by dismissing his unexhausted claims. Petitioner did not respond to the Motion to Dismiss [8].

---

[2] The undersigned numbered Petitioner's federal habeas claims differently than Respondent.

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> (c) An Applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is

4

satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

> Petitioner has not met the exhaustion requirements for the following Issues:
>
> Four: Ineffective assistance of trial counsel: failure to fully explain plea offer to his client and advising him to refuse the plea offered.
>
> Six: Ineffective assistance of appellate counsel: failure to present potentially meritorious claims.
>
> Seven: Cumulative prejudice.[3]

Thus, the Petition is a "mixed petition," *i.e.* it contains both exhausted and unexhausted claims. Typically, a federal habeas petition should be dismissed if the petitioner has failed to exhaust all available state remedies. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) ("federal district courts must dismiss mixed habeas petitions"). But, a dismissal without prejudice of a "mixed" petition may result in a subsequent petition being barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period set forth in 28 U.S.C. §

---

[3] Respondent asserts that Petitioner also failed to exhaust Issue 3 ("The trial court committed constitutional error by failing to grant Petitioner's motion for JNOV, or alternatively, his new trial motion") construing it as a "new, separate weight-of-the-evidence claim." The undersigned, however, finds that Issue 3 is not a new claim and has been exhausted as it was raised as the first issue on direct appeal ("The trial court erred in overruling Mario Franklin's motion for directed verdict and for JNOV, due to the State not proving the elements of constructive possession of the delivered package."). Additionally, the undersigned finds that although Petitioner did not list Issue 1 ("Insufficiency of the evidence/actual innocence") as a separate issue on direct appeal, Issue 1 has been exhausted because the first issue raised on direct appeal addressed the sufficiency of the evidence. *See Franklin*, 320 So. 3d at 541-42.

2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings). That is the situation Petitioner faces. A dismissal would likely mean that Petitioner's subsequent petition—filed after he completes his exhaustion in state court—would be barred by 2244(d)'s limitation period.[4]

When a district court is presented with this dilemma, it has the option of staying a habeas petition and holding it in abeyance while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court, however, cautioned that "stay and abeyance, if employed too frequently, has the potential to undermine [the ADEPA's] twin purposes [of comity and finality]." *Id*. The Supreme Court explained:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id*.

---

[4] The Mississippi Supreme Court denied Petitioner's petition for writ of certiorari on June 23, 2021. *See* [9-7] at 4. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, Petitioner's judgment become final—and the statute of limitation for federal habeas relief began to run—on November 22, 2021. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (explaining that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review, which includes the time allowed for a petition to the Supreme Court); *see also* United States Supreme Court Order [8-10] (extending the deadline to file a petition for a writ of certiorari to 150 days for judgments issued prior to July 19, 2021). Petitioner had until November 22, 2022, to file a federal habeas petition. Considering the "mailbox rule," the undersigned will assume that the Petition [1] was filed on the day Petitioner signed it, September 30, 2022, less than two before the statute of limitations ran. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts). The pendency of this action does not toll the limitations period for a future federal habeas petition. *See Duncan*, 533 U.S. at 181-82.

Thus, a stay and abeyance should only be available in "limited circumstances" *Id*. It is only appropriate where the district court finds that (1) the petitioner has good cause for failure to exhaust his claim; (2) the claim is not plainly meritless; and (3) the petitioner has not engaged in intentional delay. *Id*. at 277-78.

Petitioner did not request a stay and abeyance in his Petition [1] nor did he file a response to the Motion to Dismiss [8], and the record is devoid of good cause for his failure to exhaust all his claims in state court. The Mississippi Supreme Court denied Petitioner's petition for writ of certiorari on June 23, 2021. *See* [9-7] at 4. This exhausted some but not all of Petitioner's claims. Thereafter, Petitioner waited well over a year—until October 12, 2022—to file a PCR motion in the trial court. *See* [8-7]. Less than a month later, on November 9, 2022, the trial court dismissed the PCR motion, explaining to Petitioner that he had to first seek permission from the Mississippi Supreme Court to file a PCR motion. *See* [8-9]. More than three months have passed since the trial court dismissed his PCR motion, and Petitioner has not sought permission from the supreme court to file another PCR motion.[5] Petitioner provides no reason, much less a justifiable reason, for his delays in attempting to exhaust all his claims. As the record contains no good cause for Petitioner's failure to exhaust all his claims, a stay and abeyance is not warranted. *See Ruffin v. Sollie*, 2018 WL 1958337, at *2 (S.D. Miss. Jan. 9, 2018) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Although a stay and abeyance is not appropriate here, Petitioner may avoid dismissal of all his claims by amending his habeas petition to omit his unexhausted claims. The Supreme Court explained that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete

---

[5] *See* https://www.courts.ms.gov/ (last visited February 10, 2023).

7

the unexhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. The Motion to Dismiss [8] be GRANTED;

2. Petitioner be given thirty (30) days to file an amended petition that includes only the following Issues:

   One: Insufficiency of the evidence/actual innocence

   Two: The trial court erred in denying Petitioner's motion to suppress photos taken from his cell phones

   Three: The trial court committed constitutional error by failing to grant Petitioner's motion for JNOV, or alternatively, his new trial motion

   Five: Instructional error/abuse of discretion: failure to allow instructions on constructive possession prejudiced Petitioner's entire case;

3. The Petition [1] be dismissed without prejudice if Petitioner fails to amend his Petition [1] within the deadline set by the Court.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This 13th day of February, 2023.

s/ Michael T. Parker
United States Magistrate Judge
